IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF OXFORD,

ARGUED AT MAY TERM, 1845.

JOHN WELCH *versus* ISAIAH WHITTEMORE & *al.*

The distinction between the actions of trespass and trespass on the case having been abolished by statute, the mortgagee of personal property, where there was in the mortgage a stipulation that the mortgagor should retain the possession until default of payment, but with a condition, that " if the same or any part thereof shall be attached at any time before payment by any other creditor or creditors of the mortgagor, then it shall be lawful for the mortgagee to take immediate possession of the whole of said granted property to his own use," may maintain trespass against an officer for attaching such mortgaged property in a suit against the mortgagor, and carrying it away.

TRESPASS for taking and carrying away and converting to their own use a horse, wagon and harness. Whittemore, as a deputy sheriff, and the other defendant, as his servant, justified under an attachment of the same articles as the property of William F. Welch. The facts appear in the opinion of the Court.

There was evidence offered by the defendants tending to prove, that the mortgage bill of sale to the plaintiff was fraudulent as to the creditors of William F. Welch, and by the plaintiff tending to show, that it was *bona fide.*

The counsel for the defendants contended, that the general

property was in W. F. Welch; that he was in the actual possession thereof, and that at the time of the attachment, he had the right of possession ; and that this action of trespass could not be maintained ; and requested the Court to give the jury the following instructions : —

1. That if they believe, that William F. Welch was in possession of the property attached, at the time of the attachment, and that the right of possession of the property at the time was in said William, and also that the general property was then also in him, that this action of trespass could not be maintained.

2. That the general property being in William F. Welch, there was an attachable interest ; and if the jury believed, that he was in possession, and having the right of possession, the officer had the right to attach the property, and his subsequent refusal to deliver the property could not make his original lawful act a trespass, or make the defendant a trespasser by relation.

SHEPLEY J. presiding at the trial, declined to give the instructions requested.

The verdict was for the plaintiff; and the defendant filed exceptions.

*Fessenden, Deblois* and *Fessenden* argued for the defendants, contending, that the plaintiff, as mortgagee, had not the possession nor the right to the possession at the time of the attachment; and therefore could not maintain this action of trespass. The plaintiff's right to take possession did not exist until after the attachment. A demand by the plaintiff, afterwards, could give the plaintiff no right to consider the original taking a trespass. Chitty's Pl. $ 167, 176 ; 1 T. R. 480 ; 8 Johns. R. 432 ; *Ingraham* v. *Martin*, 15 Maine R. 373 ; *Freeman* v. *Rankin*, 21 Maine R. 447 ; 2 Pick. 121 ; 3 Pick. 255.

The statute abolishing the distinction between trespass and trespass on the case, applies only to actions on the case for consequential damages, and not to actions of trover.

*Codman & Fox*, for the plaintiff, contended that the action of trespass, properly speaking, could be maintained, and cited 22 Maine R. 234; 18 Maine R. 127; 15 Maine R. 48.

But if trespass could not, case could have been. 18 Maine R. 87; 16 Pick. 462.

All distinctions between trespass and trespass on the case are abolished by statute. Rev. St. c. 115, § 13.

The opinion of the Court was drawn up by

TENNEY J. — The right relied upon in support of this action is derived from a mortgage of the goods in question from William F. Welch to the plaintiff for the security of the payment of a promissory note, which had not arrived at maturity at the time of the alleged taking by the defendants. The mortgage provides, that until default of the mortgager, to pay the note according to its tenor, he may retain possession of the property and use and enjoy the same; "but if the same or any part thereof, shall be attached at any time before payment, &c. by any other creditor or creditors, of the said William F. Welch, then it shall be lawful for the said John Welch, his executors, &c. to take immediate possession of the whole of said granted property, to his and their own use." The defendants justify the taking by virtue of the authority of Whittemore as a deputy Sheriff, and a writ of attachment in favor of Brown against the said William F. Welch. After the taking, complained of, the plaintiff demanded of the defendants the goods taken, which were refused to be delivered. It is insisted by the defendants that the action of trespass cannot be maintained.

It is well settled, that by a mortgage of personal property without an agreement, that it may remain with the mortgager, the other party acquires the right of immediate possession; and if it be taken on mesne process, without first paying or tendering payment of the debt secured thereby, in favor of another creditor, against the mortgager, such taking is a trespass upon the possession of the mortgagee. *Paul* v. *Hayford & al.* 22 Maine R. 234; Rev. St. c. 117, § 38; Amendment to the Rev. Stat. of 1842, c. 31, § 12. The right of immediate possession

being in the mortgagee in the absence of any argreement to the contrary, that right is limited no farther than the intention of the parties, as manifested by the instrument, requires.

The mortgage in this case being *bona fide*, the evident object of the parties thereto, was to give to the plaintiff security for his debt, without depriving the debtor of the use of the property; but the ordinary right of a mortgagee to take possession of the property at pleasure, was not intended to be abridged by the interference of any other creditor. As it was the privilege of the parties, to stipulate that the plaintiff should have entire control, till the redemption of the goods, they could make such restrictions as they pleased; if the mortgage was silent on the subject of possession, the defendants would, on every principle, be liable to an action of trespass; can they be less so, when it was specially provided, that such an attachment at the time it should be made, should give the right to the plaintiff to take immediate possession? The attachment and this right were to be simultaneous. The law will not say that the attachment is legal, when it can give no right to the officer, who makes it, to hold possession of the property, and can create no lien for the security of the debt of the creditor. By the construction to be put upon the instrument, the taking by the defendants, was an injury to the possession of the plaintiff secured to him therein.

It has been repeatedly held in Massachusetts, that trespass upon the case can be maintained for an injury to the reversionary interest of a mortgagee in personal property, when he has no right to immediate possession. *Ayer* v. *Bartlett*, 9 Pick. 156; *Forbes* v. *Parker*, 16 Pick. 462. By the statute of this State of 1835, c. 178, § 1, the distinction between actions of trespass and of trespass on the case is abolished; which provision is also incorporated into the Revised Statutes, c. 115, § 13.

*Exceptions overruled.*