# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT.

## 1859.

## COUNTY OF PENOBSCOT.

HENRY GOOGINS *versus* CHARLES D. GILMORE.

A mortgage to secure an existing debt, and also advances to be made subsequently, is valid.

The fact that goods mortgaged were partly perishable does not necessarily avoid the mortgage; but the character and condition of the goods are matters properly to be considered by the jury, in determining whether a mortgage is fraudulent.

A stipulation in a mortgage of chattels that the mortgager may retain possession of the chattels for a time, is only such proof of fraud, as to go to the jury, with the other evidence in the case, for them to determine whether the mortgage is fraudulent or not.

Where the jury have, on the evidence before them, decided against the alleged fraud in a mortgage, the Court will not, except in very glaring cases, grant a new trial.

The mortgagee of personal property may bring an action for damages to his reversionary interest, although he has not a right to immediate possession.

If such mortgagee sues in *trover*, his writ may be amended by adding a count in *case;* but if no objection is made to the form of action, until after the judgment, it is too late for the defendant to take advantage of the defect.

ON REPORT by APPLETON, J.

THIS was an action of TRESPASS against the defendant for taking certain merchandize as an officer, on a writ in favor of James Pratt, against Warren R. Boynton, Nov. 10, 1857.

VOL. XLVII.        2

On the 22d day of October, 1857, Boynton mortgaged to the plaintiff all the goods in his store in Bangor, consisting of groceries, meats, fruits and vegetables, to secure two notes of $500 each, payable in six and twelve months. The mortgage was duly recorded, October 23, 1857. The mortgage contained a proviso, that Boynton should continue in possession "without denial or interruption of the said Googins, until the expiration of the said twelve months."

It was in evidence that, in May, 1857, Googins loaned Boynton $500, and took the note of one Higgins therefor, with another note of Higgins for $100 as collateral security. In October, without giving up the old notes, Googins took two new notes from Boynton, for $500 each, and the mortgage before mentioned as security. Googins testified that he retained the old notes on advice, and only "as evidence that he let Boynton have the money;" that when the mortgage was given, Boynton owed him $500, and interest from May 22, 1857, and also $22 or $23 for wages of his son then in Boynton's employ, and Boynton had $150 worth of fish belonging to Googins on sale; and Googins was to make up the balance of $1000, as Boynton wanted it. It was agreed verbally between Googins and Boynton, that the latter should go on with his business as before the mortgage, buying and selling, charging and paying as he had done. Googins testified that there was no intention to defraud creditors. Googins made no further advances to Boynton after the mortgage.

The defendant, after the plaintiff's testimony was before the Court, moved a nonsuit, on the grounds, *first*, because taking a mortgage for $1000, when the debt was but $500, was fraudulent as against creditors ; *second*, because the goods were partly perishable, and of a character making it apparent that *bona fide* security could not be intended; and *third*, because taking the mortgage with a clause allowing the. mortgager to remain in possession for a year undisturbed, with an understanding that the mortgager was to go on as before and control the business, was fraudulent as against creditors.

The Court declined to order a nonsuit. The cause pro-

ceeded to trial, but a verdict was rendered for the plaintiff, with the agreement, that if, in the opinion of the full Court, a nonsuit should have been ordered for the reasons given, the verdict was to be set aside and a nonsuit to be entered; and a new trial was to be granted, if the rulings of the Judge were erroneous and materially injurious to the defendant. The whole evidence was reported, on a motion by the defendant to set aside the verdict as against evidence.

*J. A. Peters,* for the plaintiff.

The clause in the mortgage giving the mortgager possession for a time, and the fact that it purports to secure $1000, when the debt was $500, may be evidence of fraud, but are not conclusive. Whether the mortgage was fraudulent as against creditors, is a question, not for the Court, but for the jury, on the proof adduced.

The clause giving the mortgager temporary possession, is a very common one. In this State and Massachusetts, such a clause is not *per se* fraudulent, nor even *prima facie.* Our statute allows mortgaged goods to remain with the mortgager, provided the mortgage is recorded. Why, then, may there not be a stipulation to that effect? It is also provided that a mortgagee may enter before breach, if there is no agreement to the contrary; so there may be such an agreement. Such a clause is valid and unexceptionable. *Abbott* v. *Goodwin,* 20 Maine, 408; *Briggs* v. *Parkman,* 2 Met., 258; *Holbrook* v. *Baker,* 5 Greenl., 309.

It is true that the defendant admits that the mortgager was to go on and sell as before. But he also states that there was no intention to defraud. Such testimony is admissible from a party. *Edwards* v. *Currier,* 43 Maine, 474.

It is said some of the goods were perishable. All property mortgaged is liable to depreciation more or less. Such considerations are not conclusive as to fraud, although they may have weight with the jury. 2 Met., 258, before cited; 1 Hill, 438, 473.

As to the objection to the mortgage being made to secure

more than the debt then due, what legal objection is there to a mortgage to cover subsequent liabilities? What difference whether the whole sum is due at the making of the mortgage, or is made up at a convenient time afterwards? Such a transaction may be fraudulent, but is not so *per se*, or of necessity. It is no objection that a mortgage is made to secure future advances, if it also secures an existing debt. 5 Greenl., 309, before cited.

The motion of the defendant for a nonsuit, was asking the Court to settle a matter of fact, which the jury should decide.

*Blake* and *Garnsey*, for the defendant.

1. The stipulation that the mortgager should retain possession of the goods, especially in view of their perishable character, was fraudulent. *Robbins* v. *Parker*, 3 Met., 120; *Griswold* v. *Sheldon*, 4 Cum., 582. The mortgage could only have been intended to ward off creditors. Possession of $1000 worth of such goods for twelve months, with the right to sell and use and pay other debts, would leave no security for two notes of $500 each on six and twelve months.

It is held in Ohio, that a distinction is to be made between a stock of goods, and specific articles, as a horse, when mortgaged. In the former case, there may be sale and re-supply, with identity preserved under the word "stock." But it is not held any where that a mortgage of a horse or other specific thing, with possession and power of disposition in the mortgager, is valid. *Collins* v. *Myres*, 16 Ohio, 554; *Freeman* v. *Rawson*, 5 Ohio, 1.

The prevailing tendency to cloak property under the form of mortgage, should lead the Court to uphold the law with firmness. In England, the law would not formerly allow of possession by the mortgager. Now the law is the same as in Ohio and New York. *Gale* v. *Burnett*, 53 Eng. Com. Law Rep., (7 A. & E.,) 850.

There are several cases in this State and Massachusetts, where the Court, in maintaining that possession by the mortgager might be stipulated for, used language broader than re-

quired, and which should be restricted. *Briggs* v. *Parkman*, 2 Met., 264, is the strongest of these; but in that case the stipulation was materially different from that in the case at bar. And the case, 3 Met., 120, before cited, is more recent, and the opinion was given by the same Judge.

2. The mortgage did not disclose the true state of the case. The note of May 22d was not due when the mortgage was given, and no interest had accrued on it. The amount due Googins was less than $500. Yet two notes, of $500 each, were given. Such a mortgage should not be sustained. *North* v. *Belden*, 13 Conn., 376; *Irwin* v. *Tulb*, 17 Penn., (S. & R.,) 423; *Spadee* v. *Lawler*, 17 Ohio, 383; *Belknap* v. *Wendell*, 11 Foster's N. H., 101.

3. The plaintiff's witnesses show the mortgage to have been fraudulent. In this connection, the counsel reviewed the evidence, and contended that it proved the mortgage to be only intended to cover Boynton's goods as against his creditors. The taint of fraud rendered the mortgage void. *Crowninshield* v. *Kittredge*, 7 Met., 520.

4. This action was prematurely brought. *Ingraham* v. *Martin*, 15 Maine, 375; *Skiff* v. *Solaee*, 23 Vt., 279.

The opinion of the Court was drawn up by

APPLETON, J.— The plaintiff, as mortgagee, seeks to recover damages for certain mortgaged property, the taking of which the defendant justifies as an officer, under certain precepts against the mortgager.

After the evidence on the part of the plaintiff was closed, the counsel for the defendant moved a nonsuit on three several grounds.

1. It appeared in evidence that the mortgage was given to secure a note of one thousand dollars; that the mortgagee had advanced five hundred dollars and had agreed to advance the balance; and that the mortgage was given as well to secure the sum already advanced as what might thereafter be advanced. Whether the testimony of the plaintiff, asserting these facts, was true, it was for the jury to determine. It is

not for the Court to assume the testimony of a witness as false, and order a nonsuit. The credibility of testimony is for the jury. *Merritt* v. *Lyon,* 3 Barb., Sup. Ct., 110.

Assuming its truth, the question of law arises, whether it fails to disclose a legal cause of action.

It was early determined in the jurisprudence of this State, that a mortgage made to secure an existing debt and to cover future advances is valid. *Holbrook* v. *Baker,* 5 Greenl., 309.

"There are numerous cases," says WALWORTH, Ch., in *Bank of Utica* v. *Finch,* 3 Barb., Ch., 303, "in our own courts, showing that a mortgage or a judgment may be given to secure future advances; or as a general security for balances which may be due from time to time from the mortgager or judgment debtor. And this security may be taken in the form of a mortgage or judgment for a specific sum of money, sufficiently large to cover the amount of the floating debt intended to be secured thereby." In such cases, where the mortgage is in good faith, the mortgagee is secure to the extent of all advances. If a mortgage be made to secure an existing debt, the fact that it was also intended to secure future advances will not avoid it. *North* v. *Crowell,* 11 N. H., 251.

The case of *Belknap* v. *Wendell,* 11 Foster, 92, cited by the learned counsel for the defence, was determined upon the special language of the statute of New Hampshire, in reference to mortgages. In delivering the opinion of the Court, BELL, J., says, "a note given as an indemnity or security is valid, and a recovery may be had upon it for the amount, which may be equitably due between the parties, *Hazeltine* v. *Guild,* 11 N. H., 390, even as against subsequent attaching creditors."

2. It was insisted that a nonsuit should be ordered, because the goods were *partly* perishable, and of such a character that from the evidence it was apparent a *bona fide* security could not have been intended by the parties.

How far and to what extent the goods mortgaged were of a perishable nature does not appear. The fact that they were *partly perishable,* would not, as matter of law, necessarily avoid

Googins *v.* Gilmore.

the mortgage.   The character and condition of the mortgaged goods were matters properly to be considered in determining whether the mortgage was fraudulent or not.   There is no doubt that articles subject in their nature to be consumed in their use, may be mortgaged without any imputation of fraud; whether they are so mortgaged, will depend in each case upon its peculiar circumstances.

3.  The third ground for a nonsuit urged by the counsel for the defendant, was because the taking the mortgage with a clause allowing the mortgager to remain in possession for a year, with an understanding that the business should go on as before, under the control of the mortgager, was of itself fraudulent and void as to creditors.

It has been repeatedly held in this State, that the possession by the mortgager of a personal chattel is not inconsistent with the mortgage, and that it is not conclusive proof of fraud. *Holbrook* v. *Baker*, 5 Greenl., 309 ; *Gleason* v. *Drew*, 9 Greenl., 79 ; *Melody* v. *Chandler*, 3 Fairf., 282 ; *Pierce* v. *Stevens*, 30 Maine, 184.   Indeed, the provisions of the statute by which the right of the mortgagee, when out of possession, are protected, if the mortgage has been recorded, are conclusive as to this question.

In *Briggs* v. *Parkman*, 2 Met., 258, it was held, that a mortgage by a trader of his stock in trade, was not fraudulent *per se*, though it was provided therein, that until condition broken, he should retain possession and use the mortgaged property without hindrance or interruption from the mortgagee; and that he might sell and dispose of the mortgaged property, and apply the proceeds to his own use, he promising if he made large sales to secure the mortgagee by other property.   The presumption of fraud arising from a mortgage of this description, may be repelled.   The same question arose in *Jones* v. *Huggeford*, 2 Met., 515, and the Court, after a reëxamination of the question, reäffirmed the law as laid down in *Briggs* v. *Parkman*.   In *Hunter* v. *Corbett*, 7 Upper Canada, Q. B. 75, it was decided, in an elaborate opinion by ROBERTSON, C. J., that the fact that a bill of sale, while pur-

porting on its face to be an absolute bill of sale, is in truth only a mortgage, and the further fact, that the vendor is allowed to remain in possession of the goods, are both badges of fraud to be weighed by the jury; not proofs of fraud so conclusive as to leave the jury no alternative but to find fraud, whether they believe it to exist or not. The decisions in this State have been in accordance with those of Massachusetts on this subject.

It is undoubtedly true, that a mortgage attended with circumstances like those developed in the case at bar, would be adjudged fraudulent in law in New York. *Edgell* v. *Hart,* 5 Selden, 213. But the uniform current of authorities with us has been in favor of submitting the question of fraud to the jury.

·4. The defendant's counsel moves that the verdict be set aside because it is against the evidence and the law of the case.

It is not alleged that erroneous instructions were given to the jury. After a careful consideration of the facts, the tribunal to which the determination of facts is referred, affirmed the validity of the mortgage. The conclusion to which the jury arrived, may have been different from that of the Court, had the case been submitted to them. But that furnishes no reason for granting a new trial. The jury are the judges of fact. "Where the question of fact for the jury to decide is a question of fraud, and they have decided against the fraud, the Court will not, except in very glaring cases, grant a new trial." *Hunter* v. *Corbett,* 7 Up. Can., 75.

5. It is urged that this action is prematurely brought.

It is well settled law, that an action will lie for damages to a reversionary interest in personal property. *Forbes* v. *Parker,* 16 Pick., 462. If the writ is originally in trover, it may be amended, and a count in case be added. *Ayer* v. *Bartlett,* 9 Pick., 156. Trespass on the case may be maintained by the mortgagee for an injury to his reversionary interest, where he has not the right to immediate possession. *Welch* v. *Whittemore,* 25 Maine, 86.

The time when the mortgagee, by the terms of his mortgage,

was entitled to possession, was known to the counsel at the trial. Had the objection then been raised, that the action was prematurely brought, an amendment might have been allowed, which would have obviated the exception now taken. After voluntarily proceeding to trial, it is too late for the defendant to take advantage of this defect, even if it were conceded to be one of which he might have availed himself had it been made in season.

In *Rank* v. *Rank*, 5 Barr., 211, which was an action of the case, it appeared that the plaintiff and defendant were joint owners, but, at the trial on the merits, this objection was not taken. In giving the opinion of the Court, BURNSIDE, J., says, " But as this exception to the form of the action is purely technical, and not taken on the trial of the cause, but after a full trial on the merits, we will not permit it to be now taken, and avail the defendants here. The action was case, and, if made on the trial, it is possible the Court would have permitted the plaintiff to withdraw his declaration, and file another, on the payment of the costs of the trial, to meet the justice of the cause." *Exceptions and motion overruled,*

*and judgment on the verdict.*

TENNEY, C. J., and CUTTING, MAY, DAVIS, and KENT, JJ., concurred.