LEONARD H. RANDALL AND OTHERS v. NELSON HIGBEE.

*Mortgagees cannot bring Assumpsit.*

Assumpsit lies only on a claim of ownership.

One who has only a mortgage lien on goods cannot bring assumpsit for their value against one who has taken them to satisfy a claim.

Error to Superior Court of Grand Rapids. Submitted June 6. Decided June 12.

ASSUMPSIT. The facts are in the opinion.

*Taggart, Simonds & Fletcher,* for plaintiffs in error, urged that as the goods had been taken tortiously, and converted into money and money's worth, assumpsit would lie. *Watson v. Stever,* 25 Mich., 386; *Fiquet v. Allison,* 12 Mich., 330.

*Standish & Fuller* for defendant in error.    Assumpsit cannot lie for property taken, except in behalf of the owner, and mortgaged chattels belong to the mortgagor; the mortgage is a mere security, and not a transfer of title.    *Farrington v. Bristol*, 35 Mich., 28.

PER CURIAM.   The plaintiffs had a mortgage on a stock of goods which had not been put on record.   The defendant being a creditor of the mortgagor, took by arrangement with him or his wife, sufficient of the goods to satisfy his demand, sold a part of them and retained the remainder. Plaintiffs, claiming that defendant at the time of taking the goods, had knowledge of their mortgage, brought suit against him in assumpsit on the common counts.

This suit cannot be maintained.    The goods did not belong to plaintiffs; they had only a lien upon them.    If defendant, with knowledge of their lien, has wrongfully done any thing to injure plaintiffs' security they might have an action on the case against him: but there is no ground for an action of assumpsit.    To warrant such an action, they should have been in position to claim the goods as owners; but that, as already stated, was not their right. *Farrington v. Bristol*, 35 Mich., 28.    They could not therefore claim that moneys received by defendant for the goods belonged to them as owners; their title to the moneys could not be superior to their right to that from which the moneys had been obtained.

Judgment affirmed.