# Dunlap *v.* Steele & Vandergrift.

*Trespass for Injuries to Personal Property.*

1. *Possession, or title with right to immediate possession, necessary to maintain trespass.*—To maintain an action of trespass for injuries to personal property, the plaintiff must have, at the time of the injury, actual possession, or title and right to immediate possession.

2. *Mortgagee entitled to possession, unless contrary is stipulated.*—In

[Dunlap v. Steele & Vandergrift.]

the absence of a stipulation, express or implied, to the contrary, the mortgagee has the right of immediate possession; but, if his right of possession is postponed until default, or until the happening of some future contingency, he can not maintain trespass for an injury to the property committed during the intervening period.

3. *Right of possession accrues to mortgagee upon happening of stipulated event.*—When the mortgage contains a stipulation authorizing the mortgagee to take possession, if default should be made in the payment of the secured debt at maturity, or if the property should be levied on, or taken possession of by a third person, the levy of an attachment on the property gives the mortgagee an immediate right of possession, and he may maintain trespass if the levy is forcible and unlawful.

4. *Sale of the property under the levy; when does not relate back to commencement of suit.*—The sale of the property under the levy, after the institution of the suit, does not relate back to the commencement of the suit, so as to constitute a cause of action at that time; but if the levy was a trespass, the subsequent sale may be considered in estimating the damages.

5. *Attachment by landlord of the mortgagor; mortgagee can not maintain trespass on account of the levy.*—If the attachment was sued out by the landlord of the mortgagor, who had furnished the mortgaged property as advances to make a crop, his lien is superior to the mortgage, and the mortgagee can not maintain trespass on account of the levy.

6. *Invasion of province of the jury.*—A charge which, on the facts hypothetically stated, withdraws from the jury the consideration of material inferences which they might have drawn, is an invasion of their province.


APPEAL from St. Clair Circuit Court.

Tried before GIDEON C. ELLIS, Esq., special judge.

This was an action of trespass, brought by Steele & Vandergrift, partners, against William Dunlap, for an alleged injury to certain personal property mortgaged to the plaintiffs. Defendant interposed the plea of not guilty. From the evidence, it appears that plaintiffs were merchants, doing business in Birmingham, Ala.; that one J. B. Simmons became indebted to them in the sum of seventy-five dollars, for which he executed his note on the 10th of March, 1881, due and payable on the first of November following, and to secure the same, and for future advances, said Simmons executed, on the same day, to plaintiffs, a mortgage upon his crops, to be grown the current year, and upon a mare. The mortgage contained provisions, that upon the removal from the county, of any of the mortgaged property, by the mortgagor, or a sale thereof by him, or in the event of a levy thereupon by any other person, the mortgagees should have the right to take immediate possession, and to sell the mortgaged property. The evidence further shows, that on the 8th day of October, of that year, the defendant, William Dunlap, sued out an attachment against the said Simmons, claiming a lien upon his crop and the mortgaged mare for rent, and advances made to him, by said Dunlap as landlord, and levied the same upon said crop, and said mare, which were afterwards sold under

the attachment proceedings. It is for this sale of their mortgaged property by Dunlap, that plaintiffs sue to recover damages, alleging that he was guilty of a trespass. During the progress of the trial, plaintiffs offered their mortgage in evidence, which was objected to by the defendant, on the ground that it had not been shown, by plaintiffs, that any of the mortgaged property had ever been in their possession. The court overruled this objection, and defendant excepted. The defendant, testifying in his own behalf, offered to show that the mare in controversy was his, defendant's property, at the time of the execution of the mortgage by Simmons to plaintiffs. To this evidence plaintiffs objected, the court sustained the objection, and defendant reserved his exception. It was further shown by the defendant, that said mare was not sold until after the commencement of the present suit by plaintiffs.

The court, in the general charge, instructed the jury, " that, if they believed from the evidence that the mare embraced in plaintiffs' mortgage, was attached in the suit of the defendant against Simmons, and sold by the sheriff in said attachment suit, then the plaintiffs are entitled to recover for the value of the mare, and interest thereon from the date of the levy of the attachment." To the giving of this charge the defendant excepted. The defendant then asked the following written charge : " That if the jury believe from the evidence, that the mare in controversy was attached by defendant before the debt mentioned in the mortgage fell due, or prior to Nov. 1st, 1881, and if they further find from the evidence, that the mare in controversy was never in the possession of the plaintiffs, then plaintiffs are not entitled to recover in this form of action against defendant in this suit." The court refused to give this charge, and the defendant excepted. Judgment was for the plaintiffs, and the defendant takes this appeal, assigning for error the charge given by the court, *mero motu*, the charge refused, and the rulings of the court to which defendant had reserved exceptions during the progress of the trial.

INZER & GREENE, for appellant, cited *M. & M. R'way Co. v. McKellon*, 59 Ala. 458 ; *Pruitt v. Ellington*, 59 Ala. 454 ; *Davis v. Young*, 20 Ala. 151 ; 2 Brick. Dig., p. 473, § 58 ; *Nelson v. Bondurant*. 26 Ala. 341 ; *Boswell & Woolley v. Carlisle, Jones & Co.*, 70 Ala. 244.

BRADFORD & BISHOP, *contra*.—No brief came into the hands of the Reporter.

CLOPTON, J.—The gist of the action of trespass for in-

juries done to personal property is the damage to the possession; and to entitle a plaintiff to maintain the action, he must have, at the time of the injury, actual possession, or title and right to immediate possession. The general rule in respect to mortgages is, if the mortgage contains no stipulation or reservation to the contrary, the mortgagee has the right to immediate possession at any time—constructive possession—and may sustain an action for injury done to the property, though in actual possession of the mortgagor. But, if the mortgage contains a stipulation or reservation, express or implied, that the mortgagor shall retain possession and enjoyment until default, or until some contingency or event happens in the future, the mortgagee's right is in reversion; and he can not maintain trespass for an injury to the property committed during the period the mortgagor has the right to possession, and is in actual possession.—*Boswell v. Carlisle*, 70 Ala. 244.

The mortgage, under which plaintiffs derive title, contains a stipulation, that the mortgagees are authorized to take possession, and sell the property, should the mortgagor fail to pay the indebtedness at the time and in the manner provided, or should sell or attempt to sell the property or any part thereof, or should move the same beyond the limits of the county, or should the property *be levied upon*, or taken possession of by any other person. The law day of the mortgage is November 1, 1881. In October preceding, the defendant sued out an attachment against the crops and the mare in controversy, as landlord, and caused it to be levied on the property embraced in the mortgage. By the terms of the mortgage, the mortgagees designed to secure the vantage ground of possession, if litigation ensued with any other creditor of the mortgagor, or with any other person, wrongfully taking possession of the property. The right to immediate possession is simultaneous with the levy. The moment the right to possession accrues, by reason of a levy being made, the mortgagees may maintain trespass if the levy is forcible and unlawful, being regarded as having the constructive possession.—*Nelson v. Bondurant*, 26 Ala. 341; *Welch v. Whittmore*, 25 Me. 86. The instruction, requested by defendant, was properly refused.

The court affirmatively instructed the jury, that the plaintiffs were entitled to recover on the hypothesis, that the attachment sued out by the defendant was levied on the mare embraced in the mortgage, and that the mare was sold by the sheriff in the attachment suit. The mare was sold after the institution of the present suit; and the sale does not relate to the commencement of the suit, so as to constitute a right or cause of action at that time; though, if the levy was a trespass, the subsequent sale of the mare may be considered in estimating the

damages. But irrespective of this, all the hypothetic facts stated in the charge may exist, and the defendant may not, necessarily, be guilty of a trespass. The bill of exceptions recites, that there was evidence tending to show, that in October, 1881, the defendant sued out an original attachment against the crops grown by the mortgagor during the current year, and against the mare, the attachment being, or purporting to be sued out for rent and advances furnished the mortgagor by the defendant as landlord. The trespass complained of is the levy upon and seizure of the mare under this attachment, and under it the defendant justifies. If the defendant was in fact the landlord of the mortgagor, and as such landlord advanced the mare, under the statute, to the mortgagor as his tenant, his lien on the mare for the advance is superior to the lien of the plaintiffs' mortgage; and he had the statutory right to enforce the lien by the process of attachment, a statutory ground existing.—Code, §§ 3467, 3472. In such case neither the officer, who levied the attachment, nor the defendant, who caused it to be done, would be guilty of a trespass, though the mare were in the actual possession of the mortgagees. The writ of attachment and the levy were offered in evidence to prove the alleged trespass, without restricting their effect as evidence. The recitals of the attachment showed, that it purported to be sued out by the defendant as landlord for rent and advances. In the absence of contradictory evidence, the jury might have inferred the existence of the facts, which conferred on the defendant a superior lien. The charge invades the province of the jury, by withdrawing from their consideration material inferences, which they might have drawn from the evidence; and was improperly given.— *Agee v. Mayer*, 71 Ala. 88; *Rice v. Watts, Ib.* 593.

The defendant having sued out the attachment against the mare, having had it levied, and the mare sold in the attachment proceedings, as the property of the mortgagor, will not be heard to deny his title as against the mortgagees. There is no error in not allowing the defendant, under the circumstances of this case, to prove that the mare was his property at the time the mortgage was given, and the attachment was sued out.

Reversed and remanded.