A. BERLEIN, *Plaintiff in Error*, v. M. J. EDDY, *Defendant in Error*.

En Banc.

Opinion Filed June 5, 1925.

1. A mortgagee of chattels not entitled to immediate possession may have his action against a stranger who commits an injury to the mortgagee's reversionary interest in the chattels.

2, A mortgage is merely a specific lien on the property therein described, and is not a conveyance of the legal title or the right of possession.

3. No chattel mortgage is valid or effectual against a creditor of the mortgagor, or subsequent purchasers for a valuable consideration and without notice of the mortgage, unless the same is duly recorded or unless the property described in the mortgage be delivered to the mortgagee and continue to remain truly and *bona fide* in his possession.

4. A mortgagee has no action in replevin or trover against a purchaser of the property mortgaged who merely accepts delivery to him by the mortgagor.

5. In case of injury by the purchaser of mortgaged property, to such property, where the purchaser has constructive knowledge of the existence of the mortgage, the mortgagee may have his action against such purchaser for damages resulting from such injury to the property.

6. In an action on the case by the mortgagee of personal property against a purchaser of the property, with constructive notice of the mortgage, the declaration should allege that the defendant converted or removed the mortgaged property, or its proceeds, or otherwise injured the plaintiff's security.

A writ of error to the Circuit Court for Alachua County; A. V. Long, Judge.

Judgment affirmed.

*E. G. Baxter*, for Plaintiff in Error;

*Hampton & Hampton*, for Defendant in Error.

ELLIS, J.—In January, 1922, A. G. Cason was indebted to Berlein, the plaintiff in error, who was plaintiff in the action below, in the sum of $230.00 and gave to Berlein a chattel mortgage upon the former's "entire crops of every

kind and description,'' to secure the payment of the debt. The debt was incurred for the purchase price of a mule, the title to which remained in the plaintiff, according to the mortgage, until the latter was paid. The mortgage also covered all ''live stock and  *  *  other personal property, including all round or square timber,  *  *  including turpentine raised in the years 1919, 1920, 1921, 1922, 1923'' also ''all rents or advances'' and all ''salary or wages due now or may become due'' and other personal property.

Cason produced during the year, among other crops, 6442 pounds of seed cotton, which was bought by M. J. Eddy, the defendant in error, in October, 1922.

The chattel mortgage was duly recorded in the public records of Alachua County in January, 1922. The debt became due July 1, 1922, and had not been paid in January, 1923, when Berlein commenced his action against Eddy.

The declaration rests upon the proposition that the purchaser of mortgaged personal property, with constructive knowledge, becomes liable to the mortgagee for the debt or reasonable value of the property mortgaged.

A demurrer to the declaration was sustained and the plaintiff declining to plead further judgment was entered for the defendant and the plaintiff took a writ of error.

The ground upon which the court sustained the demurrer was that the mortgage did not cover the property described in the declaration and which was sold to the defendant.

Other grounds which were overruled were: First, the declaration did not state a cause of action; Second, it did not allege that the plaintiff had subjected the other personal property named in the mortgage to the payment of the debt; Third, that the plaintiff had not foreclosed the mortgage and established the debt ''against the property alleged to have been sold to the defendant;'' Fourth, that

plaintiff could not recover against the defendant until he exhausted the personal property named in the mortgage; Sixth, that the declaration does not allege that the plaintiff's lien was prior to the right of the defendant, and Seventh, that the "Plaintiff's claim against the said property is at the most a mere lien until the said mortgage has been foreclosed and the right of property established."

The doctrine obtains that a mortgagee of chattels not entitled to immediate possession may sue in case for injury to his reversionary interest and such action may be maintained against a stranger. See Hurst & McWhorter v. Bell & Co., 72 Ala. 336; Hall v. Snowhill, 14 N. J. L. 8; Welch v. Whittemore, 25 Me. 86; Googins v. Gilmore, 47 Me. 9; Ayer v. Bartlett, 9 Pick. (Mass.) 156; Forbes v. Parker, 16 Pick. (Mass.) 462.

In this State a mortgage is merely a specific lien on the property therein described and not a conveyance of the legal title or of the right of possession. And no chattel mortgage is valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice unless it be recorded or unless the property included in it be delivered to the mortgagee and continue to remain truly and bona fide in his possession. See Sections 3837 and 3838, Revised General Statutes.

The mortgagee taking merely a lien upon the property has no right to the possession of it until foreclosure, sale and purchase by him, therefore he could not maintain a replevin or trover against a purchaser who merely accepts delivery to him by the mortgagor. The mortgagee's remedy against the purchaser is in an action on the case for injury to the reversional interest in the property which is the mortgagee's security.

We think that in case of injury to the property the mortgagee's right to recover damages from the purchaser with

constructive knowledge of the mortgage is clearly established. But a purchaser of mortgaged property who merely buys, pays for and takes possession and does no act which is inimical to the rights of the mortgagee is not necessarily a wrongdoer. Such a purchase does not in itself constitute a conversion. The purchaser obtains from the mortgagor his rights and no other. See Jones on Chattel Mortgages (Fifth Edition) Sec. 454.

Especially is the proposition true in jurisdictions like this where a mortgage is merely a security and the title to the property does not pass from the mortgagor until foreclosure. See Randall v. Higbee, 37 Mich. 40; Flood v. Butzbach, 114 Mich. 613, 72 N. W. Rep. 603; Ehrmann v. Oats, 101 Ala. 604, 14 South. Rep. 361.

In Flood v. Butzbach, *supra,* the doctrine in Randall v. Higbee was affirmed but the former case was distinguished from the latter on the principle that as the mortgage provided that sales of the mortgaged property should be in the name of the mortgagee the mortgagor acted as agent for the mortgagee, his principal, in selling the goods, so that the former could recover on the common counts.

Until there has been some act of the defendant by which the lien of the plaintiff was destroyed or impaired the defendant is not liable in case.

There is no allegation in the declaration that the defendant converted or removed the cotton seed or its proceeds, *non constat,* but that the cotton seed, or its proceeds, are held by the defendant subject to the plaintiff's remedy on the mortgage. In which case he may be required to subject other property first to the payment of the debt.

The allegation that the cotton seed was part of the crop mortgaged we think was sufficient.

For the error in the declaration pointed out, the omission to allege a conversion by the defendant of the mortgaged

property to the plaintiff's injury and impairment of his security, we think, the demurrer should have been sustained, so the judgment of the court is affirmed.

WEST, C. J., AND WHITFIELD AND TERRELL, J. J., concur.