FIRST NATIONAL BANK OF BROOKSVILLE, FLORIDA, a corporation, *Appellant,* v. W. F. EVANS and E. E. FREEMAN COMPANY, a corporation, *Appellees.*

En Banc.

Opinion filed September 5, 1930.

Whitehurst and Whitehurst, for Appellant;

Altman & Morrow, for E. E. Freeman Company.

Davis, Commissioner.—The appellant filed its bill of complaint in the Circuit Court of Hernando County for the foreclosure of a chattel mortgage on 16 head of mules and other personal property. The mortgage was executed on May 14, 1925, filed for record in the office of the clerk of the circuit court of Hernando County, on August 14, 1925, and recorded in the public records of said county on October 3, 1925. The bill of complaint alleges among other things, a delivery to the complainant of the mortgage "upon the following goods and chattels then in his possession, custody and control in Hernando County, Florida," following which is a description of the property, and further that the mortgagor removed the said mortgaged property out of the County of Hernando without the written consent of complainant.

A decree pro confesso was entered against the mortgagor, W. F. Evans. The defendant, E. E. Freeman Company,

filed its answer to the bill in which it is said that the defendant

"Is not informed as to the matters and things set forth in the second paragraph of said bill of complaint, except as they are set forth therein, but says that on or about the 28th day of September, 1925, this defendant instituted a civil suit against the defendant, W. F. Evans in the Circuit Court, Hillsborough County, Florida, claiming the sum of Nine Hundred Sixty-six Dollars and Seventy-seven Cents ($966.77), and on said date last mentioned caused to be issued out of and under the seal of said Circuit Court of Hillsborough County, Florida, a writ of attachment against the goods and chattels, lands and tenements of the said defendant, W. F. Evans, and on or about the 3rd day of October, 1925, caused the said writ of attachment to be served by B. A. Cassady, Sheriff of Lake County, Florida, on the following personal property; to-wit:

13 head of mare mules
2 head of horse mules

said property being then and there situated in the County of Lake and State of Florida; that this defendant is not informed as to when the mortgage held by the said complainant was recorded in the office of the Clerk of the Circuit Court of Hernando County, Florida, except as alleged in said bill of complaint, but states the facts to be that said mortgage had not at the time of the levy and execution of said writ of attachment, been recorded by complainant in the office of the Clerk of the Circuit Court of Lake County, Florida, the place where said property was then located, and that by reason of the failure of the said complainant to record said chattel mortgage in Lake

County, Florida, this defendant claims that its lien on said property by virtue of said attachment takes priority over the lien of the complainant under and by virtue of said chattel mortgage.''

The said second paragraph of the bill contains the excerpt which we have hereinabove quoted.

The answer avers

''That the property levied on under the writ of attachment of this defendant was for a long period of time situated in the County of Hillsborough, and State of Florida, and was in said County of Hillsborough, State of Florida, at the time that the cause of action of this defendant accrued against the said W. F. Evans and that subsequent to the time of the accrual of the cause of action of this defendant against the said W. F. Evans, the said W. F. Evans removed said personal property to the County of Lake, and State of Florida, where the same were attached by this defendant.''

It is stipulated in the record that the mules that were attached were included in the mortgage.

The court found that as to the defendant, W. F. Evans, the equity of the cause is with complainant; and that as between complainant and the defendant, E. E. Freeman Company, the equity of the cause is with said defendant, E. E. Freeman Company; and that in so far as complainant seeks to foreclose its mortgage against 15 head of mules levied upon under the said execution, the said E. E. Freeman Company is entitled to priority over the mortgagor; and a decree was made and entered to that effect.

It is agreed that the sole question before this Court for determination is whether or not the lien of the chattel mortgage is entitled to priority over the attachment lien of the said E. E. Freeman Company.

Section 3838, Rev. Gen. Stats. of Florida, 1920, (Section 5726, Comp. Gen. Laws of Florida, 1927) provides as follows:

> "No chattel mortgage shall be valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice unless it be recorded, or unless the property included in it be delivered to the mortgagee and continue to remain truly and bona fide in his possession;

and Chapter 7936, Acts of 1919, Section 6 (Section 5733, Comp. Gen. Laws of Florida, 1927), provides as follows:

> "All live stock mortgages shall be entitled to record in like manner and under the same circumstances as other mortgages on personal property; and the record of such live stock mortgages in the county where such live stock or any part thereof may be situated when such mortgage is executed shall have like effect for all purposes and in respect to all parties as other mortgages on personal property."

It is not contended by appellant that the property included in the mortgage was delivered to it or its authorized agent, or that it ever had possession of the same, or that E. E. Freeman Company had actual notice of the existence of the mortgage. Therefore if the mortgage is valid or effectual against the defendant, E. E. Freeman Company, it must be because it was recorded at a place where the record of the mortgage would be constructive notice to E. E. Freeman Company of its existence and because it was recorded prior to the creation of the attachment lien. First National Bank v. First National Bank of Chipley, 90 Fla. 617, 106 So. R. 422; Berlein v. Eddy, 89 Fla. 484, 104 So. R. 780.

Formerly it was a rule in this State that where a general replication was filed to an answer in chancery, it put in issue all matters alleged in the bill and not admitted in the answer, and it was incumbent upon complainant to prove such matters by at least a preponderance of the evidence. Lykes v. Beauchamp, 49 Fla. 333, 38 So. R. 603; Griffith v. Henderson, 55 Fla. 625, 45 So. R. 1003; Pittman v. Milton, 69 Fla. 304, 68 So. R. 658; Watson v. Blair, 73 Fla. 255, 74 So. R. 317.

In 1915, the Legislature changed this rule (Chapter 6907, Acts of 1915) and now averments:

"Other than of value or amount of damage, if not denied, shall be deemed confessed, except as against an infant, lunatic or other person *non compos* and not under guardianship." Section 4905 (3119), Comp. Gen. Laws of Florida, 1927.

The answer of E. E. Freeman Company contained no denial, either special or general, of the allegation of the bill that the mules at the time of the execution of the mortgage were "then in his (mortgagor's) possession, custody and control in Hernando County, Florida." Therefore the allegation must be deemed confessed by such defendant.

The location of the mules at the time the mortgage was executed was not made an issue in the case by defendant, E. E. Freeman Company, and notwithstanding the fact that at the hearing certain testimony was adduced that tended to show inferentially that the mules were in Hillsborough County when the mortgage was executed, we are confined in the consideration of the evidence to the issues made by the pleadings. Tate v. Pensacola, Gulf, L. & D. Co., 37 Fla. 439, 20 So. R. 542; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 450, 43 So. R. 318; Rentz v.

Live Oak Bank, 61 Fla. 403, 55 So. R. 856; Goulding Fertilizer Co. v. Johnson, 65 Fla. 195, 61 So. R. 441; Mitchell v. Mason, 65 Fla. 208, 61 So. R. 579; Pinney v. Pinney, 46 Fla. 559, 35 So. R. 95, and citations therein of other Florida cases.

It was not the fault of the mortgagee, the appellant here, that the mortgage was not actually spread upon the record until the day the attachment was levied. Appellant had complied with the recording act in so far as it was within its power, when it filed the chattel mortgage for record and its lien cannot be affected by the omission of the clerk to record the mortgage as soon as it was filed. 11 C. J. 535. Indeed, to hold that creditors and purchasers did not have constructive notice until the instrument was actually recorded would be to nullify our statute which reads as follows:

"All instruments relating to real and personal property which are authorized or required to be recorded shall be deemed to be recorded from the time the same are filed with the officer whose duty it is to record the same." Section 5708 (3830) Comp. Gen. Laws of Florida, 1927.

The decree of the lower court is reversed and the cause is remanded with directions that the lower court render a decree in accordance with the views herein expressed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed, and the cause remanded with

directions that the lower court render a decree in accordance with the views expressed in the opinion of this Court herein.

TERRELL, C. J., and WHITFIELD, STRUM and BUFORD, J. J., concur.