PER CURIAM.
This was an action to foreclose a chattel mortgage on a horse. The mortgage in question was executed on the 25th day of November, 1959, and was recorded in the office of the clerk of the circuit court on the same day. After answer, notice and hearing, the chancellor concluded that the mortgage was in default and ordered the sale of the chattel in satisfaction of the decree. It is from this decree that the appeal is taken.
The appellant, the alleged purchaser of the horse after recordation of appellee’s mortgage, contends that the sale of the horse to him was from a part of the mortgagor’s stock in trade, and, therefore, he is a bona fide purchaser for value without notice and entitled to priority over the chattel mortgage holder.[1] We conclude that this contention is without merit.
Section 699.07, Fla.Stat., F.S.A., provides for the recordation of chattel mortgages upon livestock to be effective against bona fide purchasers or parties acquiring an interest or lien without actual knowledge of the mortgage. In this instance, there was evidence of the recordation of the mortgage, almost simultaneous with its execution, in the office of the Clerk of the Circuit Court of Dade County, Florida, the same being the county where the horse was located. Such recordation then became notice to the world, including the appellant, of the interest claimed by the appellee. It was a question of fact for the chancellor to resolve as to whether or not the alleged sale to the appellant by the mortgagor was one from stock in trade so as to exempt the appellant from the statutory constructive notice imparted by the recorded chattel mortgage. There was conflicting testimony on this question and the chancellor resolved the conflict against the appellant. We cannot say, from an examination of this record, that he was in error in so doing. There was no contention that the appellant would not have been bound by the constructive notice of the recording statute, absent a showing that the mortgaged horse was held as a part of the stock in trade of one whose business was primarily the purchase and sale of horses. See First National Bank of Brooksville v. Evans, 100 Fla. 740, 130 So. 18.
We have considered the other contention raised by appellant and find it to be without merit. Accordingly, the decree appealed is affirmed.
Affirmed.

. Nash Miami Motors v. Bandel, Fla.1948, 37 So.2d 366, 368.