ROBERTS, J.
This appeal is a case of first impression resulting from unique circumstances involving electronic public records. Appellants Michael and Bonnie Mayfield (the Mayfields) and appellant Branch Banking and Trust Company (BB & T) seek reversal of a summary final judgment of foreclosure and argue that their title and mortgage to the property in question prevails over that of the appellee, First City Bank of Florida (First City). Although the appellants are in an unfortunate position that they did not create, we affirm because the trial court did not err in its construction of Chapter 695.
In October 2009, the Mayfields purchased real property (hereinafter Lot 2) in Walton County and received a warranty deed on Lot 2 from Bluewater Real Estate Investments, LLC (Bluewater). Simultaneously, the Mayfields granted a mortgage *400 on Lot 2 to Old National Bank that was subsequently acquired by BB & T. The Mayfields’ deed and mortgage were filed with the clerk of Walton County who recorded both documents in the official records on November 2, 2009.
Unbeknownst to the appellants, title to Lot 2 had been conveyed and a prior mortgage executed on the property. In 2006, Bluewater conveyed Lot 2 to Wright & Associates of Northwest Florida (W & A). W & A simultaneously granted a mortgage on Lot 2 to First City. The W & A deed and First City mortgage were filed with the clerk of Walton County for recording. After receiving the documents for recording, the clerk opened a recording transaction in the computer and affixed an official register book and page number on the hard copies of the W & A deed and First City mortgage so as to record the documents in the official records on July 6, 2006. Shortly after entering the documents in the computer, the clerk independently realized that she had made an error in the recording process and voided the W & A deed and First City mortgage from the official records. The clerk intended to re-record the aforesaid documents after correcting the error, but failed to do so and mistakenly recorded similar instruments concerning another parcel of property instead. Thereafter, the hard copies of the W & A deed and First City mortgage bearing the official register book and page numbers were returned to the parties. However, in the Walton County electronic official records, the corresponding book and page numbers showed that the documents were voided. Once a document is voided, it no longer appears in the official records or the index to the official records and cannot be found by a person conducting a search of the official records. Thus, except for a brief period of approximately 73 minutes on July 6, 2006, the W & A deed and First City mortgage did not appear in the official records of Walton County. Furthermore, only during this window of time could a member of the general public have discovered the W & A deed and First City mortgage.
In 2010, First City filed for foreclosure on Lot 2 due to a loan payment default by W & A. The Mayfields and Old National[1] were named as defendants. The Mayfields moved for summary judgment based on their contention that they were bona fide purchasers without notice, and, therefore, their interests prevailed over that of First City. First City also moved for summary judgment arguing that it fully complied with the recording statute, and, as a result, the Mayfields and BB & T were placed on constructive notice of the First City mortgage. In granting a summary final judgment of foreclosure in favor of First City, the trial court found that, although the W & A deed and First City mortgage were voided from the public records, they were recorded in accordance with section 695.11, Florida Statutes (2011). The trial court further found that, because the documents were recorded, they provided constructive notice such that the Mayfields and BB & T were not entitled to the protection of section 695.01, Florida Statutes (2011).
On appeal, the parties dispute whether constructive notice could attach when the W & A deed and First City mortgage appeared in the official records for 73 minutes before being completely eradicated due to the clerk’s error. The appellants rely on section 695.01 and argue that it imposes a requirement that an instrument *401 presently “be” in the public records in order to impart constructive notice.
Section 695.01 provides, in part:
(l)No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law....
Section 695.01 is a “notice” recording statute, the primary purpose of which is to protect subsequent purchasers (including mortgagees and creditors) against claims arising from prior unrecorded instruments. See Argent Mortgage Co., LLC v. Wachovia Bank, N.A., 52 So.3d 796, 799 (Fla. 5th DCA 2010). In order to prevail under section 695.01, the bona fide purchaser must be without notice, in this case, constructive notice.
In Sapp v. Warner, the Supreme Court defined constructive notice as “notice imputed to a person not having actual notice; for example, such as would be imputed under the recording statutes to persons dealing with property subject to those statutes.” 105 Fla. 245, 141 So. 124, 127 (Fla.1932). An examination of Florida case law reveals that courts have generally concluded that, when a party complies with the recording statute, constructive notice attaches and will not be destroyed by errors committed by the clerk.
For example, in First National Bank of Brooksville v. Evans, the appellant/mortgagee complied with the recording statute by filing a chattel mortgage for record, but the same was not recorded until later due to an omission by the clerk. 100 Fla. 740, 130 So. 18, 20 (1930). The mortgage lien was recorded by the clerk on the day an attachment lien on the same property was levied. Id. In determining whether the lien of the chattel mortgage was entitled to priority over the attachment lien, the Supreme Court held:
It was not the fault of the mortgagee, the appellant here, that the mortgage was not actually spread upon the record until the day the attachment was levied. Appellant had complied with the recording act in so far as it was -within its power, when it filed the chattel mortgage for record, and its lien cannot be affected by the omission of the clerk to record the mortgage as soon as it was filed.... Indeed, to hold that creditors and purchasers did not have constructive notice until the instrument was actually recorded would be to nullify our statute which reads as follows:
‘All instruments relating to real and personal property which are authorized or required to be recorded shall be deemed to be recorded from the time the same are filed with the officer whose duty it is to record the same.’ Section 5708(3830), Compiled General Laws of Florida 1927.

Id.

Similarly, in Federal Land Bank of Columbia v. Dekle, the Supreme Court held that, in states with statutes like section 3830, Revised General Statutes of Florida 1920, (section 5708, Compiled General Laws of Florida 1927), it was “generally held that constructive notice of the subject-matter of the instrument takes place from the date it is placed with the recording officer to be recorded, and that the efficacy of such notice will not be destroyed if errors are made in the recording.” 108 Fla. 555, 148 So. 756, 758 (Fla.1933).[2]
*402 The current version of section 695.11, provides:
All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the “Official Records” as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time she or he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series.
Under this current version, the courts have continued to find that constructive notice attaches upon compliance with the recording statute. For example, in Anderson v. North Florida Production Credit Association, Anderson purchased property in Franklin County in 1985 and secured a mortgage on said property. 642 So.2d 88, 89 (Fla. 1st DCA 1994). Unknown to Anderson at the time, a prior mortgage had been executed on the property in favor of North Florida Production Credit Association (North Florida). Id. The prior mortgage was recorded in 1983 and was improperly indexed by the clerk. Id. The circuit court found in favor of North Florida, concluding that indexing was not an essential element of recording and priority of competing claims was determined by section 695.11. Id. This Court affirmed, finding that, under section 695.11, an instrument was deemed officially recorded when accepted by the clerk and given official register numbers. Id. This Court found that priority was not contingent upon indexing and the plain language of section 695.11 provided the sequence of official numbers determined the priority of recordation. Id.
In Orix Financial Services, Inc. v. MacLeod, Orix recorded a judgment lien on real property in Dixie County that was later acquired by the MacLeods. 977 So.2d 658 (Fla. 1st DCA 2008). Orix sought to foreclose on its judgment lien, and the trial court entered summary judgment in favor of the MacLeods. Id. This Court reversed, stating:
We adhere to the reasoning of the Anderson court. In Anderson, this court viewed the dictates of section 695.11, Florida Statutes, as unambiguous. See also Fed. Land Bank of Columbia v. Dekle, 108 Fla. 555, 148 So. 756 (1938). The statute provides that official recordation occurs at such time as the office of the clerk of the circuit court affixes to an instrument the official register numbers required by law “and at such time shall be notice to all persons.” § 695.11, Fla. Stat. (1995).

Id.

In light of the foregoing line of cases, we find the unambiguous language of section 695.11 controls such that constructive notice attached at the time the W & A deed and First City mortgage were recorded on July 6, 2006. Although the appellants suggest that these documents had to remain in the official records to impart constructive notice, we find no such requirement in section 695.11. Section 695.01 requires that, to be good and effectual against bona fide purchasers, a doeu *403 ment must “be recorded according to law.” The W & A deed and First City mortgage were recorded according to law.
We recognize the harshness of the result in the instant case where the appellants are innocent parties. Nonetheless, the appellants’ remedy, if any, may lie against the clerk, who can make no claim of sovereign immunity. See e.g., Orix, 977 So.2d at 658; First Am. Title Ins. Co. of St. Lucie County, Inc. v. Dixon, 603 So.2d 562 (Fla. 4th DCA 1992).
WETHERELL and ROWE, JJ., concur.

. As the subsequent purchaser of the note and mortgage, BB & T intervened in the foreclosure action.

. In 1935, the Legislature amended section 3830, Revised General Statutes of Florida 1920, by adding the final clause, “and as so recorded and transcribed upon the record *402 shall be notice to all persons." Thereafter, notice was imparted after documents are recorded and not after documents are filed for recording.