**BALLY CASE & COOLER, INC., etc., Plaintiff,**

v.

**H. KAISER ASSOCIATES, INC., etc., Defendant.**

**No. 80–8237–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

May 7, 1981.

Gerald S. Lesher, Baskin & Sears, Palm Beach, Fla., Robert W. Steele and William E. Wallace, III, Howrey & Simon, Washington, D. C., for plantiff.

Norman J. Kapner, Johnson & Bakst, P.A., West Palm Beach, Fla., Richard W. Groner, Moyle, Jones, & Flanigan, P.A., West Palm Beach, Fla., Stephen H. Reisman, Rosenberg, Rosenberg, Reisman & Glass, Miami, Fla., for garnishee, First Fla. Building Corp.

Fred J. Ward, P.A., Hallandale, Fla., for garnishee, Penn Dutch Meats, Inc.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the Court on Plaintiff's Motion to Reconsider and Vacate the Order of February 11, 1981, wherein the

court granted Big Green Frog Enterprises, Inc.'s Motion to Set Aside Attachment and to Quash Writ of Execution on a 1969 Piper PA–39 aircraft, Serial number 1845, Registration number N41AG.

On January 16, 1981 the court entered judgment in favor of the plaintiff and against the defendant, in the amount of $50,649.04 plus interests and costs.

Thereafter a Writ of Execution was issued and served on Big Green Frog Enterprises, Inc., an entity *not* a party to this action. Pursuant to Bally's instructions, the United States Marshal on February 6, 1981 seized a Piper Aircraft that was both titled to and in the possession of Big Green Frog Enterprises.

Big Green Frog Enterprises petitioned this court to set aside the United States Marshal's attachment and to quash the Writ of Execution. Following argument the motion was granted.

Plantiff now seeks to have the court reconsider, and vacate its Order of February 11, 1981.

Federal Rule of Civil Procedure 69(a) provides in part as follows:

> . . . The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought.

Plaintiff contends that Fla.Stat. § 56.16[1] is applicable and that it provides the exclusive remedy available to a third party claiming ownership of seized property.

Section 56.16 does provide a mechanism whereby a third party may claim property upon which a judgment creditor has levied. The third party thereunder may obtain possession of the disputed property by filing an affidavit and posting a bond in an amount double the value of said property. In this third party claim proceeding the third party claimant bears the burden of proof and the issue is tried to a jury.

In support of its argument plaintiff relies on *Love v. Allis-Chalmers Corporation*, 362 So.2d 1037 (Fla. 4th DCA 1978). In *Love* the judgment creditor obtained a writ of execution and had the sheriff levy upon certain property that was then *in the possession of the judgment debtor.* Thereafter, a third party filed an action in replevin claiming ownership and right of possession of the judgment debtor's property. The suit for replevin was dismissed. The claimant then sought to intervene in the original litigation but was refused. Finally, the claimant was able to proceed by complying with the procedures set forth in Fla.Stat. § 56.16.

Plaintiff's contentions concerning sec. 56.16 and the *Love* case are erroneous.

In the instant case the property levied on was in the *possession* of the third party, *not* in the possession of the judgment debtor, thereby raising the presumption that a party in possession of personal property is the lawful owner thereof. Moreover, the record indicates that *title* to the property was in the name of Big Green Frog Enterprises and not the judgment debtor. Finally Bally, the judgment creditor, well knew that title to the property was and is in the name of Big Green Frog Enterprises.

On January 29, 1981 plaintiff filed a Motion for Temporary Restraining Order seeking to enjoin non-parties from disposing of property previously owned by the judgment debtor. In its supporting affidavit the plaintiff asserted that the subject airplane had been transferred from the defendant to Steven Silver and Nan Silver who thereafter transferred it to Big Green Frog Enterprises. These transfers occurred in Octo-

---

1. 56.16 Executions; claims of third parties to property levied on.—If any person other than the defendant in execution claims any property levied on, he may obtain possession of the property by filing with the officer having the execution an affidavit by himself, his agent or attorney, that the property claimed by him belongs to him and by furnishing the officer a bond with surety to be approved by the officer in favor of plaintiff in double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the defendant in execution and to pay plaintiff all damages found against him if it appears that the claim was interposed for the purpose of delay.

ber, 1979—nine months before the institution of the instant suit. This court denied that application for injunctive relief on the ground, *inter alia*, that neither the Silvers nor Big Green Frog Enterprises had ever been served with any pleadings nor were they parties to the original action.

Although a judgment creditor may question the propriety of any transfer of property by his debtor that does not automatically make section 56.16 the appropriate remedy.

The correct procedure to be followed in the instant case is set forth in Fla.Stat.

§ 56.29 [2] which contains two jurisdictional prerequisites for supplementary postjudgment proceedings. First, the judgment creditor must present a returned and unsatisfied writ of execution. Second, the judgment creditor must present an affidavit averring that the writ of execution is valid and unsatisfied, as well as listing third parties who are to be impled. *Mission Bay Campland, Inc. v. Sumner Financial Corp.*, 71 F.R.D. 432, 434 (M.D.Fla.1976); *Tomayko v. Thomas*, 143 So.2d 227, 229–30 (Fla. 3d DCA 1962).

2. 56.29 Proceedings supplementary.—

(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.

(2) On such plaintiff's motion the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his property.

(3) The order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on such defendant or his attorney as provided for service of papers in the rules of civil procedure.

(4) Testimony shall be under oath, shall be comprehensive and cover all matters and things pertaining to the business and financial interests of defendant which may tend to show what property he has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporation must attend and answer by an officer who may be specified in the order. Examination of witnesses shall be as at trial and any party may call other witnesses.

(5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.

(6)(a) When, within 1 year before the service of process on him, defendant has had title to, or paid the purchase price of, any personal property to which his wife, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder, or defraud creditors.

(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16–56.20.

(7) At any time the court may refer the proceeding to a master who may be directed to report findings of law or fact, or both. The master has all the powers thereof, including the power to issue subpoena, and shall be paid the fees provided by law.

(8) A party or a witness examined under these provisions is not excused from answering a question on the ground that his answer will tend to show him guilty of the commission of a fraud, or prove that he has been a party or privy to, or knowing of a conveyance, assignment, transfer, or other disposition of property for any purpose, or that he or another person claims to have title as against the defendant or to hold property derived from or through the defendant, or to be discharged from the payment of a debt which was due to the defendant or to a person in his behalf. An answer cannot be used as evidence against the person so answering in any criminal proceeding.

(9) The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.

(10) Any person failing to obey any order issued under this section by a judge or master or to attend in response to a subpoena served on him may be held in contempt.

(11) Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees.

The duty to implead third parties whose interests may be affected by the court's rulings enables the court to acquire jurisdiction over them and affords them the essential elements of procedural due process of law. *Mission Bay Campland*, 71 F.R.D. at 434. Once the court has jurisdiction over these nonparties, they will be ordered "to show cause why the assets now in their possession or control, allegedly transferred to them by plaintiff, should not be declared fraudulently acquired, the transfers voided, and those assets levied upon to satisfy defendant's judgment." *Id.* at 435.

It is patently clear that Fla.Stat. § 56.29 is the correct procedure to be followed in execution of judgment where the property sought to be levied on is (a) in the possession or control of a third party; and (b) is titled in the name of a third party. Florida Statute § 56.16 does *not* apply to property in the possession of and titled in third parties. Section 56.16 simply permits a judgment creditor to execute on property *in the possession* of the judgment debtor while protecting third parties who may have an interest therein.

It is accordingly,

ORDERED AND ADJUDGED that Plaintiff's Motion to Reconsider and Vacate the Order of February 11, 1981 be and the same is hereby DENIED.