560 So.2d 283 (1990)
Ronald BAKALARZ, Appellant,
v.
Marie Ruth LUSKIN n/k/a Marie Ruth Reitzes, Paul Luskin, Joseph Luskin, Mildred Luskin, Luskin's Inc., a Florida Corporation, and Duty Free Electronics, Inc., a Florida Corporation, Appellees.
Nos. 88-3141, 89-0214.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
*284 W. Wyndham Geyer, Jr., John H. Pelzer, Kenneth E. White of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Barry Franklin and Andrew S. Berman of Young, Stern & Tannenbaum, P.A., North Miami Beach, for appellee-Marie Ruth Luskin, n/k/a Marie Ruth Reitzes.
PER CURIAM.
This is an appeal from an order directing a sheriff's sale of appellant's apartment and from an order denying relief, on a claim of newly discovered evidence, from the order of sale. We reverse.
The appellant purchased a Dade County apartment from Joseph and Mildred Luskin. The Luskins had previously been joined in a Broward County action for the dissolution of the marriage of their son, Paul Luskin, and his wife, Marie. The dissolution judgment imposed a constructive trust and an equitable lien on all property owned by the Luskins to the extent of $250,000, plus interest, which they owed to the marital estate.
The Broward County judgment of dissolution was recorded in the public records of Dade County prior to the Luskins' sale to Bakalarz. A title search incident to the sale did not disclose the judgment. The clerk's office apparently did not index it by any names other than Paul and Marie Luskin since it was captioned solely as a dissolution of marriage. The caption did not indicate that the judgment also contained an award against Joseph and Mildred Luskin.
Marie Luskin, upon learning that Paul's parents were disposing of assets subject to the judgment, instituted a separate action in Dade County against Bakalarz to foreclose her lien claim against the apartment. When Bakalarz became aware of Marie's claim, he sought leave of this court to intervene as an appellant in the Luskins' pending appeal from the dissolution judgment. Bakalarz also petitioned this court for a writ of certiorari. He filed several documents in the dissolution case to support his effort to intervene in the appeal. This court dismissed the Luskins' appeal as a sanction, without reaching the merits. This court also denied appellant's petitions to intervene and for writ of certiorari.
Marie Luskin filed a post judgment motion in the dissolution case seeking a court ordered sale of the Bakalarz apartment on the basis that the sale by the Luskins was a fraudulent attempt to remove their assets *285 beyond her reach. No effort was made to serve appellant in these post-judgment proceedings. Appellant moved to strike Marie's motion, alleging that the court lacked personal jurisdiction over him. However, Marie contended that appellant's earlier effort to intervene in the Luskins' appeal from the final judgment of dissolution made subsequent service on him unnecessary. The trial court granted Marie's motion and ordered a sheriff's sale of the appellant's apartment.
The trial court found that the appellant had waived the requirement of formal service of process by his unsuccessful efforts to intervene in the Luskins' appeal. The trial court also determined that it had jurisdiction over the appellant by virtue of disputed service of process upon him in the Dade County foreclosure action. That action apparently has not been pursued.
The trial court held that the final judgment of dissolution imposed a lien on the property of Joseph and Mildred Luskin. The court entered the order of sale after a hearing on all pending motions, including appellant's motion to strike for lack of jurisdiction. The court held no evidentiary hearing. At the motion hearing all counsel and the trial court clearly assumed that the recorded judgment constituted constructive notice of Marie's claim to subsequent purchasers of the Luskins' property. At that time nothing had occurred to alert counsel to the clerk's failure to index the dissolution judgment under the parents' names in addition to Paul's and Marie's. When appellant subsequently discovered this omission, he moved for rehearing and for relief under Florida Rule of Civil Procedure 1.540(b).
Initially, we conclude that it was not error or an abuse of discretion for the trial court to find personal jurisdiction over the appellant. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984), rev. dismissed, 450 So.2d 489 (Fla. 1984); Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971); Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989); In re Ivey, 319 So.2d 53 (Fla. 1st DCA 1975); McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). The court also had subject matter jurisdiction. Sharpe v. Calabrese, 528 So.2d 947 (Fla. 5th DCA 1988); Bally Case & Cooler, Inc. v. H. Kaiser Assocs, Inc., 514 F. Supp. 352 (S.D.Fla. 1981).
We reverse because it was an abuse of discretion to deny the appellant's motion for relief from judgment and to fail to set aside the order for a sheriff's sale. Affidavits by a deputy clerk and an abstractor indicated that the appellant had not received record notice of the dissolution judgment due to an absence of any provision in its caption that the judgment contained affirmative relief against someone other than the divorcing parties. The affidavits provided, in part:
(1) (By the abstractor) In accordance with the procedures observed by the Clerk of Dade County, Florida in recording final judgments which are designated simply as "Final Judgment of Dissolution of Marriage," such a final judgment is indexed under the names of the husband and wife seeking the dissolution of marriage. It is not indexed under the names of any other individuals or entities involved in the case or indicated in the style of the case unless there is some further designation in the title of the Final Judgment of Dissolution of Marriage, indicating some additional adjudication pertaining to some party other than those seeking the dissolution.
... [T]hat certain Final Judgment of Dissolution of Marriage attached hereto as Exhibit "A" was not indexed under the names of JOSEPH LUSKIN or MILDRED LUSKIN ... Therefore, when a search of the names of JOSEPH LUSKIN and MILDRED LUSKIN was performed with respect to the purchase of the following described real property, the Final Judgment attached as Exhibit "A" was not located.
(2) (By the deputy clerk) The attached Final Judgment of Dissolution of Marriage was appropriately only indexed under the names of Paul Luskin and Marie Luskin due to the fact that the Judgment *286 was only designated as "Final Judgment of Dissolution of Marriage."
Florida Statutes Section 695.11 provides that an instrument is deemed to be recorded from the time of filing. Once recorded there is constructive notice of its contents. E.g. Paterson v. Brafman, 530 So.2d 499 (Fla. 3d DCA 1988). Florida Statutes Section 28.222(2) provides for the keeping of an official records book. It requires that the clerk keep a register of the names of the parties to a recorded instrument. That section mandates that the clerk also maintain "a general alphabetical index, direct and inverse, of all instruments filed for record."
The appellant had a right to rely on the record as disclosed by a full and complete search at the time of purchase. Cf. Yaist v. United States, 228 Ct.Cl. 281, 656 F.2d 616 (1981). We note that the appellant has never had the opportunity to present the court with a lack of notice or an estoppel defense. There is no indication in the record that Bakalarz is anything other than a bona fide purchaser for value, or that he should have known of the rights created in the divorce judgment not indexed under the sellers' names. Nor has the court had the opportunity to consider who should bear the loss  the appellees, who recorded and perhaps prepared the instrument, or the appellant, an innocent purchaser, who acted prudently and reasonably. See Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501 (Fla. 1930).
The trial court denied relief under rule 1.540(b) because the evidence set out in the affidavits did not qualify, in the court's view, as "newly discovered." However, the record does not reflect any reason for the appellant to have anticipated that a judgment had not been duly indexed by the clerk. Only after the hearing and another chain of title search did it become apparent why the judgment was not disclosed. It then became clear that even a careful and prudent examiner might not have been expected to uncover it.
It appears from the face of the affidavits that, if true, the case will be substantially affected by the new evidence. There is no indication that the appellant did not act diligently once he discovered the new information. Timely discovery of circumstances which reveal a correctable injustice calls for the granting of a rehearing if the evidence goes to the heart of the issue and is not merely cumulative or impeaching. Cf. Ragen v. Paramount Hudson, Inc., 434 So.2d 907 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 417 (Fla. 1984); Perez v. Pearl, 411 So.2d 972 (Fla. 3d DCA 1982); Dade Nat'l. Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA), cert. denied, 135 So.2d 746 (Fla. 1961).
We deem to be inapposite those cases which recognize that there is constructive notice of the contents of duly recorded documents and of collateral documents incorporated by reference (where indexing is not an issue), or which recognize that notice of a recorded instrument may constitute implied notice of an unrecorded interest. See Sapp v. Warner, 105 Fla. 245, 144 So. 481 (Fla. 1932); Paterson v. Brafman; First Fed. Sav. and Loan Ass'n. v. Fisher, 60 So.2d 496 (Fla. 1952).
Therefore the order granting appellees' motion for court ordered sale is reversed and remanded for further proceedings consistent with this opinion.
We note that there was no property described in the judgment and no lis pendens filed. We also note that the clerk's affidavit indicates that the indexing procedure was in accordance with established policy. Additionally, we do not address in this appeal any collateral issues concerning the creation of the constructive trust and equitable lien under the terms of the final judgment of dissolution. These issues are not subject to collateral attack despite the fact that they were not reached in the dismissed appeal from the dissolution order, and are therefore moot. See Southeastern Fidelity Ins. Co. v. Rice, 515 So.2d 240 (Fla. 4th DCA 1987); Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986); Malone v. Meres, 91 Fla. 709, 109 So. 677 (Fla. 1926). It also appears that the language of the dissolution judgment may be somewhat ambiguous. It does not specify whether the lien rights *287 created are self executing or whether its terms apply to a lien covering Marie's attorney's fees. However, we need not address those issues.
The appellant was entitled to rely upon compliance with the dictates of Florida Statutes section 28.222, that recorded judgments be indexed by name. Clearly, it would create great uncertainty in the conveyance of real property if a careful title examiner could not rely upon the clerk's index to determine whether there are any recorded judgments that constitute a prior lien on property. To hold otherwise would require that all outstanding recorded judgments be scoured at the time of every search for inclusion of names and rights not revealed by reference to the index. In our view such documents are deserving of no more stature, with respect to notice, than the recording of a wild instrument. See Poladian v. Johnson, 85 So.2d 140 (Fla. 1955); Volunteer Sec. Co. v. Dowl, 159 Fla. 767, 33 So.2d 150 (Fla. 1947); Sackheim v. Marine Bank & Trust Co., 341 So.2d 247 (Fla. 2d DCA 1976); Air Flow Heating & Air Conditioning, Inc. v. Baker, 326 So.2d 449 (Fla. 4th DCA), cert. denied, 341 So.2d 289 (Fla. 1976); Coggins v. Mimms, 373 So.2d 964 (Fla. 1st DCA 1979).
HERSEY, C.J., and DOWNEY, J., concur.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I would reverse for lack of jurisdiction over the appellant. At no time was an order entered granting appellant leave to intervene, or recognizing his right to plead, conduct discovery, or defend.
In order to afford due process, a court may not adjudicate a third party's rights in supplementary proceedings without impleading or otherwise acquiring jurisdiction over them. See generally Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (Fla. 1935); Juno By The Sea Condominium Apartments, Inc. v. Juno By The Sea North Condominium Ass'n. (The Tower), Inc., 419 So.2d 399 (Fla. 4th DCA 1982); Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984); Art Advertising Co., Inc. v. Associated Press, 340 So.2d 1291 (Fla. 2d DCA 1977); Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962). I agree that a supplementary proceeding in aid of execution, pursuant to Florida Statutes Section 56.29 is an appropriate method of levying on the property of third parties as an alternative to foreclosure. Once jurisdiction is acquired over the third party, the court may order the party to show cause why allegedly fraudulently transferred assets should not be sold to satisfy the judgment, and afford the party the opportunity to defend at a final hearing. See Bally Case & Cooler, Inc. v. H. Kaiser Assocs., Inc., 514 F. Supp. 352 (S.D.Fla. 1981); Pacesetter Builders-Joint Venture, Inc. v. Coral Springs Property Services, Inc., 531 So.2d 1061 (Fla. 4th DCA 1988); Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978). However, in my judgment, service of process is first required in order to obtain personal jurisdiction over the appellant.
The appellant's activities, as reflected in this record, were insufficient to constitute a voluntary appearance and waiver of service of process. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA), rev. dismissed, 450 So.2d 489 (Fla. 1984); Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980); American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985). See also Weatherhead Co. v. Coletti, 392 So.2d 1342 (Fla. 3d DCA 1980), aff'd. sub nom, Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982); Campbell v. Landmark First Nat'l. Bank of Fort Lauderdale, 421 So.2d 813 (Fla. 4th DCA 1982).
A nonparty who has not been served should not be held to submit himself to the jurisdiction of a court and waive service by his prior unsuccessful efforts to intervene, by filing a few documents incident to that *288 rejected effort, or by contesting jurisdiction over his person. Nor is service excused simply because the appellant was served in a separate lawsuit in another circuit (a disputed fact), or because notice was given to his attorney. I would deem Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989), and Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987), to be inapplicable to these facts.
I would reverse for lack of jurisdiction. In all other respects, I concur in the opinion.