PER CURIAM.
Citrus County filed a special assessment lien against certain property but the Clerk of the Circuit Court improperly recorded the lien by not indexing it in the Official Records of Citrus County as required by sections 28.222 and 695.02, Florida Statutes. Appellant-purchaser purchased, at a tax deed sale, certain property included in the county’s special assessment lien. When the county insisted to the purchaser that the property was subject to its special assessment lien and to certain interest and penalty charges, the purchaser brought a declaratory decree action seeking to have the trial court declare that (1) certain statutes of limitations[1] barred enforcement of the county’s special assessment lien; (2) the special assessment lien, being improperly recorded, did not give constructive notice to the purchaser and, therefore, the tax deed purchaser was a good faith purchaser and under the recording statutes, took title of the tax deed free and clear of the county’s special assessment lien, and (3) interest and penalty fees were not applicable under the county’s special assessment ordinance. The trial court dismissed the purchaser’s complaint for declaratory judgment on the basis that it failed to state a cause of action.
Because the case can be substantially disposed of on other grounds, we do not address the statute of limitations problem because it is an affirmative defense and the complaint does not allege that the statute of limitations has been asserted in a pending action, and if it were asserted in such action, the court in that action could rule on its validity as a defense in law and in fact in that case.
The county concedes that the Clerk of the Court did not index its special assessment lien in the Official Records of the county as required by sections 28.222 and 695.02, Florida Statutes, but contends that the purchaser should sue the clerk for the purchaser’s damages resulting from the clerk’s negligence in recording the county’s special assessment lien.
We do not agree. If the special assessment lien was improperly recorded, it failed to give constructive notice in accordance with the applicable statute. The purchaser, without actual notice of the special assessment liens, took title free and clear of those liens, and it is the county that may have suffered damages as a result of the *679 clerk’s negligence in recording the county’s special assessment liens.[2]
Part of the problem in this case is that the purchaser is attempting to act without benefit of competent legal counsel and the complaint is not worded in the manner to which judges and lawyers are accustomed. However, in substance, if not in perfect form, the issue involved is clear and we hold the complaint states a cause of action in Count II.
Count III relates to the interest and penalty fees. Part of the county’s special assessment ordinance provides that: “... If a landowner desires, and provided he gives written notification ... he may pay the assessment lien in ... annual installments, with interest.... In the event the landowner elects to proceed by annual installments and fails to pay said annual installment ...”, the county can accelerate the payments and collect a penalty rate on the delinquent payments.
In Count III, in substance, the purchaser contends that since the interest and penalty provisions are pertinent to the annual installment provisions, as to the property he purchased, because no landowner elected annual installments, the interest and penalty provisions are inapplicable to him as to this property, even if the special assessment were valid and properly recorded. The county acknowledges that no election was made for annual payments as to this assessment but states if the assessment is not paid in full, that it is the county’s practice to assume that installment payments were elected, even when there is no written notification to the county by the landowner. The ordinance is clear. The interest and penalties are appurtenant to the installment payments and the installment payments provision is subject to election by the landowner and not the county, and the election must be made by written notification. If there is no written notification, the county would have the right to proceed with foreclosure of its special assessment lien if the special assessment was not timely paid in full. If, in such case, the landowner did not give a timely written notice to make annual installments, the county could successfully assert its right to foreclose its special assessment lien in lieu of accepting the installment payments plus interest.
The county’s assumption and practice sets the stage for the controversy as to the interest and penalty fees in this case, and Count III of the declaratory judgment is adequate to present that controversy to the court for a declaratory judgment as to that issue. Of course, if the purchaser prevails as to his lack of constructive notice as to a special assessment lien (and he has alleged a prima facie case) the secondary issue as to interest and penalties will be moot.
The trial court’s dismissal of Count I of the complaint is affirmed; the dismissal of Counts II and III is reversed and the cause remanded for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
COWART and HARRIS, JJ., and JOHNSTON, L.V., III, Associate Judge, concur.

. § 95.281(l)(a), Fla.Stat.

. See, e.g., First American Title Ins. Co. v. Dixon, 603 So.2d 562 (Fla. 4th DCA 1992).