SMITH, Senior Judge.
Appellants seek reversal of a final judgment of foreclosure, contending that a mortgage given by Kristen Anderson to Gulf State Bank had priority over the mortgage held by North Florida Production Credit Association. We affirm.
Appellant Kristen Anderson purchased property located in Franklin County in August 1985; the purchase was financed by Gulf State Bank which took the mortgage on the property. Unknown to appellants, a pri- or mortgage had been executed on this property in favor of North Florida Production Credit Association, the appellee. The record reflects that appellee’s mortgage was presented for recording in the Official Records of Franklin County on August 8, 1983.[1] The parties to this appeal agree that appellee’s mortgage was erroneously indexed by the Office of the Clerk of Circuit Court. Specifically, the mortgage was indexed by reference to Mr. McLeod as grantor rather than Bairn as grantor. When the McLeods defaulted, appellee filed for foreclosure. Apparently, the existence of both mortgages became apparent at this time.
Appellants, as well as the McLeods and Bairn, were named as defendants in appel-lee’s foreclosure action. The circuit court determined in an interlocutory order that proper indexing is not an essential element of recordation, and because the priority of competing claims to real property is determined pursuant to section 695.11, Florida Statutes, by reference to the official filing number, the appellee was found by the lower court to have a superior claim to the subject property. Thereafter, an amended judgment of foreclosure was entered in appellee’s favor.
Relying on section 695.01, Florida Statutes (1991), which provides that no conveyance, transfer or mortgage of real property shall be good and effectual against subsequent purchasers unless the same is “recorded according to law,” appellants contend on appeal that proper indexing is an indispensable element of recordation, and, accordingly, their mortgage should have priority over appel-lee’s improperly indexed mortgage. Appellants note that section 28.222, Florida Statutes, obliges the clerk of the court “to maintain a general alphabetical index, direct and inverse, of all instruments filed for record.”
However, an instrument is deemed to be “officially recorded” when the instrument is accepted by the court clerk and is given “official register numbers.” § 695.11, Fla. Stat. While indexing is required, priority is not contingent upon such, and the cases cited to us by appellants do not alter the plain language of this statute which provides that “[t]he sequence of such official numbers shall determine the priority of recordation.” The statute further provides, in unmistakable terms, that an instrument bearing the lower number in the then current series of numbers “shall have priority” over any instrument bearing a higher number in the same series. See, Steinbrecher v. Better Construction Co., 587 So.2d 492 (Fla. 1st DCA 1991) (where language of a statute is clear and unambiguous statute must be given its plain and ordinary meaning; use of term “shall” has a mandatory connotation).
In Mlecka v. Citrus County, 610 So.2d 677, 678 (Fla. 5th DCA 1992), the court found that a county clerk “improperly recorded [a tax] lien by not indexing it in Official Records. ...” The property was sold at a tax deed sale, and the purchaser later claimed to county officials that he bought the property without knowledge of the lien. The purchaser, acting pro se, thereafter sought relief in the form of a declaratory judgment action contending, among other things, that because the Hen was not properly recorded, that is, *90 not indexed in the official records of the county, the purchaser took title free of the lien. The lower court dismissed the suit for failure to state a cause of action. Upon review, the appellate court reversed, in part, and remanded for further proceedings, observing:
If the special assessment lien was improperly recorded, it failed to give constructive notice in accordance with the applicable statute. The purchaser, without actual notice of the special assessment liens, took title free and clear of those liens, and it is the county that may have suffered damages as a result of the clerk’s negligence ....
Id. at 678.
The above language from Mlecka suggests that an instrument that is not indexed is not properly recorded; and indeed, indexing is a statutory requirement. However, we do not read Mlecka as altering the plain meaning of section 695.11.[2] Furthermore, and more significantly, the error in Mlecka was held against the party who made it, the county. In the ease before us, the county, which indexed appellee’s mortgage under the improper name, is not a party to the suit.
Nor do we find First American Title Insurance Co. v. Dixon, 608 So.2d 562 (Fla. 4th DCA 1992), rev. denied, Dixon v. First American Title Insurance Co., 613 So.2d 3 (Fla.1993), to be helpful to the position taken by appellants in the case before us. In that case, a title insurer brought an indemnity action against the clerk of the court who had failed to properly index a document. In holding that the court clerk could not defend the suit by asserting sovereign immunity, the reviewing court observed that the law requiring proper indexing imposes a special duty owed to the individual at risk, and that this function is operational and ministerial under the analysis found in Kaisner v. Kolb, 543 So.2d 732 (Fla.1989), and Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). Clearly, indexing is a statutory obligation, as noted above. However, we do not read Dixon as supporting the view, as argued by appellants, that competing claims to real property are resolved based upon the propriety of the indexing of the relevant documents, rather than by application specific requirements of sections 695.01 and 695.11.[3]
Finally, appellants cite Bakalarz v. Luskin, 560 So.2d 283 (Fla. 4th DCA 1990), where the reviewing court reversed an order denying a motion for relief from judgment and to set aside a sheriffs sale. In Baka-larz, the appellant purchased property from a couple, the Luskins, who and been made parties to their son’s dissolution of marriage proceeding, and against whom a judgment had been entered imposing a constructive trust and an equitable lien against all their property. As a result of the judgment, the property purchased by appellant was subject to the equitable lien. Because the lien was imposed during the son’s dissolution proceeding, and the caption of the judgment did not reveal that it contained affirmative relief against persons other than the divorcing parties, the lien was not indexed in the official records under the parents’ names, but under the son’s name. Thereafter, the son’s ex-wife moved for and was granted, although without an evidentiary hearing, a sheriffs sale of the property to enforce her lien obtained in the dissolution action. Appellant *91 objected, as he claimed to have no prior knowledge of the lien; and when he later learned of the improper indexing, he moved for rehearing and for relief under Rule 1.540(b), Florida Rules of Civil Procedure, which the trial court denied. The Bakalarz court, observing that the appellant had a right to rely on the record as disclosed by a full and complete search at the time of his purchase, noted that he had not had an opportunity to present an estoppel or lack of notice argument to the lower court. Under the circumstances, the reviewing court found, the lower court had not had the opportunity to consider the question of who should bear the loss, the appellees, who recorded and perhaps prepared the judgment, or the appellant, an innocent purchaser who acted prudently and reasonably.
We find nothing in the Bakalarz decision to alter our view that the trial court did not err in the case before us. As we read the opinion in Bakalarz, it appears to us the appellate court reversed because of the existence of unresolved evidentiary and possibly equitable issues. We find no similar issues in this case. While appellants are certainly in an unfortunate position, and not of their own making, we cannot agree that the lower court erred in its construction of Chapter 695.
Accordingly, the order under review is AFFIRMED.
BARFIELD and LAWRENCE, JJ., concur.

. The full circumstances surrounding the execution of appellee's mortgage are not pertinent to the issues raised in this appeal. It is sufficient to explain that the subject property was owned by Bairn, Inc., which agreed to mortgage the real properly in question to enable "Lucky” and Janice McLeod to borrow money from the appellee to purchase an ocean-going boat.

. As noted by appellee, the Mlecka opinion was rendered in a case involving a pro se litigant, and does not specifically consider the issue here involved nor even cite section 695.11. As also noted by appellee, the language of Mlecka with respect to constructive notice under recording statutes may not be reconcilable with that appearing in the early Florida case of Florida Land Bank of Columbia v. Dekle, 148 So. 756, 758 (Fla.1933): “In states with statutes like this, it is generally held that constructive notice of the subject-matter of the instrument takes place from the date it is placed with the recording officer to be recorded, and that the efficacy of such notice will not be destroyed if errors are made in the recording.” However, we are of the view that the Mlecka court was simply not addressing the same issue presented in Dekle, or in the case before us.

. • A careful reading of First American reveals that the decision actually reflects an outcome lending support to appellee’s position in the case before us, since the underlying facts prompting the litigation in First American show that a party (Sherman) whose claim was improperly indexed by the clerk's office prevailed in litigation against a subsequent owner of the property, Erskine, who then brought suit and prevailed against First American for failing to disclose Sherman's prior interest in an abstract prepared for Erskine.