PER CURIAM.
Freddie Louis Mungen appeals the denial of his motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). We affirm.
Mungen, the defendant below, was sued by Maurice Carwise, as Personal Representative of the Estate of Robert Frazier, Jr., in an action seeking to set aside the conveyance of land by the deceased Frazier to Mungen. Mungen did not appeal the final judgment that concluded the conveyance was void, but instead, filed a motion for relief from judgment under rule 1.540(b).[1]
A trial court has broad discretion in determining whether to grant relief from a judgment. Kroner v. Singer Asset Finance Co., L.L.C., 814 So.2d 454 (Fla. 4th DCA 2001). We review orders of the trial court on such motions for abuse of discretion. Bakalarz v. Luskin, 560 So.2d 283, 285 (Fla. 4th DCA 1990). Having carefully reviewed the record in its entirety, we find *4 no abuse of the trial court’s discretion. The trial court’s conclusion that there was no newly discovered evidence or any mistake sufficient to justify setting aside the final judgment is substantiated by the record. Accordingly, we affirm the trial court’s order.
AFFIRMED.
PLEUS, C.J., GRIFFIN and ORFINGER, JJ., concur.

. Florida Rule of Civil Procedure 1.540(b) states in pertinent part:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action *4 to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
[[Image here]]