PER CURIAM.
Appellant, Orix Financial Services, Inc., recorded a judgment lien on certain real property in Dixie County, since acquired by appellees Donald and Kim MacLeod. When appellant sought to foreclose its judgment lien, the trial court entered final summary judgment in favor of appellees. We must reverse.
In Anderson v. North Florida Production Credit Ass’n, 642 So.2d 88 (Fla. 1st DCA 1994), this court resolved the situation presented by a creditor’s proper re-cordation of a lien followed by improper or erroneous indexing by the clerk of the circuit court. The trial court here erred by failing to follow Anderson.
We adhere to the reasoning of the Anderson court. In Anderson, this court viewed the dictates of section 695.11, Florida Statutes, as unambiguous. See also Fed. Land Bank of Columbia v. Dekle, 108 Fla. 555, 148 So. 756 (1933). The statute provides that official recordation occurs at such time as the office of the clerk of the circuit court affixes to an instrument the official register numbers required by law “and at such time shall be notice to all persons.” § 695.11, Fla. Stat. (1995). As in First American Title Insurance Co. of St. Lucie County, Inc. v. Dixon, 603 So.2d 562 (Fla. 4th DCA 1992), appellees’ remedy, if any, will lie against the title insurer or abstractor or against the clerk of the circuit court itself, which can make no claim of sovereign immunity.
REVERSED and REMANDED for entry of judgment in favor of appellant.
KAHN, WEBSTER, and ROBERTS, JJ., concur.