977 So.2d 658 (2008)
Elano BAPTISTE, Appellant,
v.
Robert FERMENICH and Marigaye Fermenich, Appellees.
No. 4D06-409.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Rehearing Denied April 16, 2008.
Richard M. Gomez of Law Offices of Roland Gomez, Miami, for appellant.
Andrew Jay Weihstein and Danielle A. Leo of Weinstein & Associates, P.A., Coral Springs, for appellees.
POLEN, J.
Appellant Elano Baptiste appeals the trial court's final order regarding entitlement to attorney's fees and costs in favor of Appellees, Robert and Marigaye Fermenich. The Fermenichs sued Baptiste following an automobile accident in which Baptiste's car struck Robert's car, resulting in injuries to Robert. Following a trial, the trial court entered a directed verdict finding Baptiste was liable for the accident. Following jury deliberations, the jury awarded Mr. Fermenich $9,792.56 in damages and awarded Mrs. Fermenich $200.00 in nominal damages. Prior to trial, the Fermenichs filed a request for admissions, including liability, causation and damages, which Baptiste denied. Both parties also made proposals for settlement, neither of which were accepted. Following the jury award, both parties filed motions for attorney's fees. The trial court awarded the Fermenichs attorney fees and costs based on Baptiste's proposal for settlement and Baptiste's denial of the Fermenichs' requested admissions.
Baptiste argues the trial court erred in awarding attorney's fees and costs on both grounds. Specifically regarding the proposal for settlement, Baptiste argues the trial court erred in awarding the Fermenichs' attorney's fees based on his proposal for settlement rather than theirs. While affirming the trial court's award of attorney's fees pursuant to Baptiste's denial of requested admissions, we find merit in Baptiste's argument regarding the trial court's award of attorney's fees and costs pursuant to the proposed settlement agreement. We reverse the attorney's fees and costs awarded the Fermenichs' pursuant to the settlement agreement.
This case is complicated by the fact that a successor judge was interpreting the order of the prior judge without the benefit of a transcript of the hearing leading to the order. After the Fermenichs' filed a motion for attorney's fees, a hearing was held to determine whether they or Baptiste were entitled to attorney's fees. Following the hearing, of which there is no transcript, the first judge on the case, *660 Judge Moriarty, entered an order which stated:
[Fermenich] is entitled to fees incurred from the time that [Baptiste] denied the request for admissions through the time of the proposal of settlement. If the proposal of settlement, including those fees and costs incurred until that point equal or exceed 75% of the proposal for settlement, [Fermenich] shall be entitled to fees and costs for proving the issues through trial. If the above fees, costs and net judgment do not exceed 75% of the proposal, [Baptiste] shall be entitled to fees and costs from the proposal through trial.
Following entry of this order, the parties realized they reached differing interpretations as to its meaning. Judge Moriarty had since retired and the case was inherited by a second judge, Judge Ilona M. Holmes. Judge Holmes entered an order regarding the entitlement to attorney's fees, stating:
According to Judge Moriarty, [Fermenich] is entitled to fees from May 3, 2002 through June 28, 2002, for wrongful denial [of request for admissions]. If the net judgment, $6,691.08 is equal to or exceeds 75% of the proposal for settlement, then [Fermenich] is entitled to fees and costs through trial. Seventy-five percent of the net judgment is $5,018.31. The net judgment exceeds the proposal for settlement, thus [Fermenich] is entitled to attorneys fees through the trial of this matter.
The proposal for settlement detailed in the order referred to Baptiste's proposal for settlement to the Fermenichs', as opposed to the Fermenichs' proposal to Baptiste. Judge Holmes determined the final judgment, plus the Fermenichs' attorney's fees and taxable costs incurred equaled $10,440.08, thereby exceeding 75% of Baptiste's settlement proposal. However, Judge Holmes never issued a written order detailing the oral ruling.
The Fermenichs submitted a proposed order to Judge Holmes for entry and Baptiste objected to the contents of the order. Judge Holmes issued the order detailing the oral rulings made at the earlier hearing. Judge Holmes found the Fermenichs were entitled to attorney's fees and costs from the time Baptiste denied liability until Baptiste's proposal for settlement was served on the Fermenichs. Adding this recovery to the judgment the Fermenichs received at trial, Judge Holmes found that total exceeded 75% of Baptiste's settlement offer, and as a result, found the Fermenichs were entitled to attorney's costs and fees through trial.
Following entry of this order, Baptiste filed a notice of appeal in this court. Baptiste then requested that this court relinquish jurisdiction to allow the amount of attorney's fees through trial to be decided below so the award would be finalized and appealable. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). A hearing on the matter was held before a third judge, Judge Luzzo. After hearing testimony, Judge Luzzo entered an order finding the Fermenichs were owed $11,500 in attorney's fees.
A trial court's interpretation of a statute is reviewed de novo. See Clines v. State, 912 So.2d 550 (Fla.2005). The offer of judgment statute states, "in relevant part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the *661 judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs, and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiffs award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
§ 768.79, Fla. Stat.
In this case, both parties made offers of judgment and each denied the other party's offer.[1] "Generally, section 768.79 creates a right to reasonable costs and attorney fees when two prerequisites have been fulfilled: (1) a party has served a demand or offer for judgment; and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer." MGR Equip. Corp., Inc. v. Wilson Ice Enter., Inc., 731 So.2d 1262, 1263 (Fla.1999). The trial court's order awarded the Fermenichs' attorney's fees as their recovery equaled more than 75% of Baptiste's offer of judgment.
We find the trial court erred in awarding attorney's fees to the Fermenichs based on Baptiste's offer of judgment. The rule is that a party who files an offer of judgment can recover attorney's fees if the offer of judgment is rejected and the party who rejected the offer receives less than 75% of the offer of judgment. There is no basis for the party who rejected the offer to recover attorney's fees if the party who rejected the offer recovers at least 75% of the rejected offer of judgment. In this case, the trial court misinterpreted the offer of judgment statute and erred in awarding the Fermenichs' attorney's fees from the time of the rejection of Baptiste's proposal for settlement through trial.
We reverse the trial court's award of attorney's fees on this basis and remand to the trial court for a recalculation of attorney's fees due the Fermenichs from the time Baptiste denied the request for admissions through the time of proposal for settlement.
STONE and MAY, JJ., concur.
NOTES
[1] The Fermenichs' offer is not at issue in this case.